THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BLANCA REYES<br>46763 Vermont Maple Terr.<br>Sterling, VA 20164<br><br>    Plaintiff,<br>v.<br><br>ASSOCIATED BUILDING<br>    MAINTENANCE CO., INC.<br><br><u>PLEASE SERVE:</u><br>Kurt Bender<br>Vice President of Administration<br>Associated Building Maintenance Co., Inc.<br>2140 Priest Bridge Court, Suite 3<br>Crofton, MD 21114<br><br>    Defendant. | Case No.:_____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Blanca Reyes, by and through undersigned counsel, hereby complains as follows against Defendant Associated Building Maintenance Co., Inc.

## INTRODUCTION

1. Plaintiff Blanca Reyes ("Plaintiff" or "Ms. Reyes"), has initiated this action to redress violations by Defendant Associated Building Maintenance Co., Inc ("Defendant" or "Associated Building Maintenance") of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, et seq. ("FMLA") and The Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII ("Title VII") of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., which prohibits discrimination on the basis of pregnancy, childbirth, or related medical conditions. Plaintiff was terminated from her employment for taking approved medical leave for FMLA-qualifying conditions attendant to her pregnancy. As a result, Plaintiff suffered damages as set forth herein.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because Plaintiff has raised federal claims.

3. This Court has personal jurisdiction over Defendant because Defendant operates in Virginia.

4. Pursuant to 28 U.S.C. § 1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district and because all of the acts underlying this lawsuit occurred in this district.

## PARTIES

5. Plaintiff is an adult individual with an address as set forth above.

6. Defendant is a Maryland Corporation with its principal place of business in Crofton, Maryland.

7. Defendant is a foreign corporation which is not authorized to conduct business in the Commonwealth of Virginia but does so anyway in violation of § 13.1-757, Code of Virginia.

8. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## PROCEDURAL HISTORY:

9. More than thirty days prior to the institution of this lawsuit Plaintiff, filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII by the Defendant. On March 4, 2020, Plaintiff filed her charge of discrimination with the EEOC, Charge No. 570-2020-01450. *See Exhibit A*. On April 29, 2020, the EEOC issued a right to sue

letter but did not mail it to plaintiff. *See Exhibit B*. On July 8, 2020 the Supreme Court of Virginia by order in In Re: Seventh Order Extending Declaration of Judicial Emergency In Response To Covid-19 Emergency extended all deadlines and statutes of limitations from March 16, 2020 to July 19, 2020. *See Exhibit C*. All other conditions precedent to the institution of this lawsuit have been fulfilled.

## FACTS:

10. Defendant has engaged in unlawful employment practices in violation of the PDA, Title VII and the FMLA.

11. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(2)(a)(i)(ii).

12. Plaintiff had worked at least 1,250 hours for Defendant during the twelve (12) months prior to her taking her FMLA qualifying leave.

13. Defendant employed in excess of fifty (50) employees within seventy-five (75) miles of the location where Plaintiff worked during the time of her termination.

14. Plaintiff was hired by Defendant in 2018 as an office cleaner. As more particularly set forth in her charge, which is incorporated herein, she notified her employer of her need to take FMLA-qualifying unpaid leave attendant to her pregnancy and childbirth and was terminated in response on December 19, 2019.

15. The termination occurred while Plaintiff was on FMLA qualifying leave and shortly after giving birth to her child. She was terminated while on this FMLA qualifying leave because she could not work while pregnant and due to her caregiving obligations to her infant.

## COUNT I:
**Discrimination in Violation of Title VII, 42 USC § 2000(e) et seq.**

**(Gender and Pregnancy Discrimination)**

16. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

17. The PDA amends Title VII to forbid discrimination based on pregnancy when it comes to any aspect of employment, including hiring, firing, pay, job assignments, promotions, layoff, training, fringe benefits such as leave and health insurance, and any other term or condition of employment.

18. Defendant's conduct was intentional, deliberate, willful, malicious, reckless, and conducted in callous disregard of the rights of pregnant women.

19. As a direct and proximate result of Defendant's discrimination of Plaintiff, she has suffered damages, including emotional distress, damage to her reputation, anxiety, nightmares, insomnia, humiliation, and loss of enjoyment of life as well as termination of her employment.

## COUNT II
**Violations of the Family and Medical Leave Act**
**(Interference)**

20. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

21. Plaintiff requested temporary leave because of her pregnancy.

22. Plaintiff was entitled to leave pursuant to the FMLA when she took her leave.

23. As a result, Plaintiff suffered damages as set forth herein.

## COUNT III
**Violations of the Family and Medical Leave Act**
**(Retaliation)**

24. Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

25. Plaintiff provided notice to Defendant that she was pregnant and needed FMLA-qualifying leave for illness associated with her pregnancy and illness related to her newborn.

26. Defendant retaliated against Plaintiff by firing her for taking approved unpaid leave attendant to her pregnancy and childbirth.

27. Defendant was not permitted to retaliate against Plaintiff for exercising her rights under the FMLA.

28. Defendant violated Plaintiff's reinstatement rights by terminating her.

## **PRAYER FOR RELIEF.**

WHEREFORE, the Plaintiff prays that this Court enter an Order providing that:

A. Defendant is prohibited from continuing to maintain its illegal policy, practice or custom of interfering with and retaliating against employees who exercise or who attempt to exercise their rights under the FMLA and are to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

B. Defendant compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

C. Plaintiff be awarded liquidated damages pursuant to the FMLA because Defendant's violations of the FMLA were without good faith.

D. Award Plaintiff compensatory damages in an amount to be determined by the jury;

E. Award punitive damages in favor of Plaintiff against Defendant in an amount to be determined by the jury;

F. Award Plaintiff her reasonable costs and expenses incurred in this action, including attorneys' fees;

G. Order equitable relief including but not limited to backpay and front pay; and

H. Enter such other and further relief as the Court may deem just and proper.

I. Plaintiff is permitted to have a trial by jury.

                                                               Respectfully Submitted
                                                               Plaintiff
                                                               By Counsel

Dated: September 8, 2020.

   /s/
_____
Matthew T. Sutter, Esq., VSB 66741
Sutter & Terpak, PLLC
7540A Little River Turnpike
Annandale, VA 22003
Telephone: 703-256-1800
Facsimile: 703-991-6116
Email: matt@sutterandterpak.com
Counsel for Plaintiff